UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCEANA, INC.                                    )
        Plaintiffs,              )    Civ. No. 1:07CV00142-RBW
    v.                                       )
                                         )    **FEDERAL DEFENDANTS'**
CARLOS GUTIERREZ, and NATIONAL )    **ANSWER**
OCEANIC AND ATMOSPHERIC         )
ADMINISTRATION, and NATIONAL    )
MARINE FISHERIES SERVICE,       )
                                         )
        Defendants.              )
_____)

    Federal Defendants in this action, Carlos Gutierrez, as Secretary of Commerce, the National Oceanic and Atmospheric Administration (NOAA), and the National Marine Fisheries Service (NMFS), hereby answer *Plaintiff's Complaint for Declaratory and Injunctive Relief* (Jan. 19, 2007). The numbered paragraphs below correspond to the paragraphs in the *Complaint*.

**GENERAL DENIAL**

    A.    Defendant denies any allegations of the *Complaint*, whether express or implied, that are not expressly admitted, denied, or qualified herein.

    B.    Many paragraphs in Plaintiff's *Complaint* include conclusions of law, rather than averments. To the extent these paragraphs are deemed to contain averments, and to the extent a further response is required, Defendants deny the allegations.

    C.    Plaintiff's *Complaint* frequently quotes or characterizes documents, or parts of documents, that will be part of the administrative record in this case pursuant to the Administrative Procedure Act, 5 U.S.C. §706. All administrative record documents speak for themselves, and are the best evidence of their contents. To the extent that Plaintiff's characterizations or quotations are inconsistent with the terms of these documents, the allegations are denied. Furthermore, Defendants aver that this case is not decided based upon a

*Federal Defendants' Answer* (March 19, 2007) – Civ. No. 1:07CV00142-RBW

Plaintiff's characterizations, or mischaracterizations, of any one document; rather, as a matter of law, "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. §706.

      D.     Some paragraphs in Plaintiff's *Complaint* cite to documents that are not part of the administrative record in this case. Specifically, Plaintiff's *Complaint* challenges, pursuant to the Endangered Species Act and Administrative Procedure Act, a September 18, 2006 biological opinion (2006 BiOp). That 2006 BiOp was issued by NMFS, and it considers the effects to endangered and threatened species resulting from NMFS's authorization of the Atlantic sea scallop fishery, under the Atlantic Sea Scallop Fishery Management Plan. However, Plaintiffs' Complaint does not present a direct challenge to a related, but separate, proposed rule and final rule governing the use of "chain mats" in the fishery for purposes of minimizing the impact of the fishery on sea turtles. See, 70 Fed. Reg.30660 (May 27, 2005)(proposed chain mat rule) and 71 Fed. Reg. 50361(Aug. 26, 2006)(final chain mat rule). While some major decision documents associated with this separate agency action were directly or indirectly considered by the NMFS decision maker for purposes of the 2006 BiOp, not every document associated with the proposed or final chain mat rule is part of the 2006 BiOp administrative record. Furthermore, other documents cited by the Plaintiff, including books and other documents prepared by the Plaintiff, may not necessarily have been directly or indirectly before the decision maker, and thus, are not part of the 2006 BiOp administrative record. To the extent that Plaintiff cites or relies upon any documents not in the administrative record for this case, Federal Defendants deny the allegations on the basis that the documents are not part of the administrative record. Furthermore, these documents speak for themselves, and to the extent Plaintiff's citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

## ANSWERS TO INTRODUCTORY PARAGRAPHS

1.      The allegations in paragraph 1 constitute Plaintiff's characterizations of this lawsuit, or otherwise present legal conclusions, not averments. To the extent any averments in this paragraph require a further response, Defendants deny the allegations. Defendants deny the third sentence.

2.      Defendants deny the allegations in paragraph 2, except that Defendants admit that scallop dredges and trawls have caught loggerhead sea turtles, some of which are considered to have died as a result of being captured by scallop fishing gear.

3.      Defendants deny the allegations in paragraph 3, and further aver that Plaintiffs misstate the requirements of the Endangered Species Act (ESA). The statute speaks for itself, and is the best evidence of its contents.

4.      Defendants admit that NMFS issued a biological opinion on December 15, 2004, (2004 BiOp) on the effects of its authorization of the Atlantic sea scallop fishery under the Atlantic Sea Scallop Fishery Management Plan on endangered and threatened species, including threatened loggerhead sea turtles.

5.      Defendants admit that on November 1, 2005, NMFS reinitiated consultation on the 2004 BiOp, and on September 18, 2006, issued a new biological opinion (2006 BiOp) on the effects of its authorization of the Atlantic sea scallop fishery under the Atlantic Sea Scallop Fishery Management Plan on endangered and threatened species, including threatened loggerhead sea turtles.

6.      Defendants deny the allegations in paragraph 6. To the extent that Plaintiff characterizes the contents of the 2004 BiOp and 2006 BiOp, Defendants deny all allegations

inconsistent with those documents, which speak for themselves and which are the best evidence of their contents.

    7.    Defendants deny the allegations in paragraph 7. To the extent that Plaintiff characterizes the contents of the 2004 BiOp and 2006 BiOp, and the rule governing the scallop fishery, as published in 71 Fed. Reg. 50361 (Aug. 25, 2006), Defendants deny all allegations inconsistent with those documents, which speak for themselves and which are the best evidence of their contents.

    8.    Defendants deny the allegations in paragraph 8.

### ANSWER TO PARAGRAPHS REGARDING JURISDICTION AND VENUE

    9.    The allegations in paragraph 9 constitute Plaintiff's characterizations of this lawsuit, or otherwise present legal conclusions, not averments. To the extent any averments in this paragraph require a further response, Defendants deny the allegations.

    10.    The statements in paragraph 10 consist of legal conclusions regarding jurisdiction that require no response. To the extent a response is required, at this time, Defendants deny that this Court has jurisdiction, and further aver that Defendants are without sufficient information or belief regarding Plaintiff's standing.

    11.    The allegations in paragraph 11 consist of legal conclusions regarding venue that require no response. To the extent a response is required, at this time, Defendants deny that this Court has venue, and further aver that this Court may lack jurisdiction.

    12.    The statements in paragraph 8 constitute Plaintiff's characterization of the Administrative Procedure Act (APA), 5 U.S.C. §706, and other federal statutes, and these statements are not averments. To the extent any averments in this paragraph require a further response, Defendants deny the allegations.

## ANSWER TO PARAGRAPHS REGARDING THE PARTIES

13. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15. Defendants deny the allegations in the first and fifth sentences of paragraph 15. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15.

16. Defendants admit that Defendant Carlos M. Gutierrez is Secretary of the United States Department of Commerce. The second sentence of paragraph 15 contains Plaintiff's characterizations of its lawsuit, to which no response is required, and of an act of the U.S. Congress, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 16, except Defendants admit that the Department of Commerce has jurisdiction under the ESA for most species in the marine environment listed as endangered or threatened, including threatened loggerhead sea turtles.

17. Defendants admit the allegations in the first sentence of paragraph 17. Defendants deny the allegations in the second sentence of paragraph 17, but admit that the Secretary of Commerce has delegated authority to administer and carry out the terms of the ESA to NOAA, which in turn has delegated that authority to administer and carry out the terms of the ESA to NMFS.

18. Defendants admit that NMFS is an agency of the United States Department of Commerce, but deny the remaining allegations in paragraph 18, except Defendants admit that

NMFS has been delegated the authority to administer the ESA with regard to threatened and endangered species in the marine environment for which the Department of Commerce has jurisdiction and to carry out the terms of the ESA.

### ANSWER TO PARAGRAPHS REGARDING THE ENDANGERED SPECIES ACT

19-23. The allegations in paragraphs 19 through 23 consist of legal conclusions and Plaintiff's characterizations of the ESA and various caselaw. The statute and judicial decisions speaks for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the ESA or the cited judicial decisions.

24. Defendants deny the allegations in paragraph 24, but admit that for fishing activities it authorizes, NMFS is the "action agency," and it must consult with itself regarding any effects of the action on ESA-listed species in the marine environment for which NMFS has jurisdiction.

25-28. The allegations in paragraphs 25 through 28 consist of legal conclusions and Plaintiff's characterizations of the ESA and associated regulations. The statute and regulations speaks for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the ESA or the regulations.

### ANSWER TO PARAGRAPHS REGARDING THE APA

29-30. The allegations in paragraphs 29 and 30 consist of legal conclusions and Plaintiff's characterizations of the APA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the APA.

**ANSWER TO FACTUAL AND PROCEDURAL BACKGROUND SECTION I**

31-39.  The allegations in paragraphs 31 through 39 constitute Plaintiff's characterizations of a publication cited as James R. Spotila, *Sea Turtles: A Complete Guide to their Biology, Behavior, and Conservation* (The Johns Hopkins University Press 2004). Defendants further aver that this document is not part of the administrative record in this case, because it was not directly or indirectly considered by the decision maker, and object to its consideration.  Furthermore, the document speaks for itself.  To the extent Plaintiffs' citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

40.  Defendants admit paragraph 40.

**ANSWER TO FACTUAL AND PROCEDURAL BACKGROUND SECTIONS II AND III**

41-49.  The allegations in paragraphs 41 through 49 constitute Plaintiffs' characterizations of the 2004 BiOp and 2006 BiOp.  These documents, which are part of the administrative record in this proceeding, speak for themselves.  To the extent Plaintiff's citations to and quotations of these documents are inconsistent with the plain terms of the documents, the allegations are denied.

50.  Defendants deny the allegations in paragraph 50.  Defendants aver that in February 2007 the NMFS Northeast Fisheries Science Center completed the analysis of its analysis of sea turtle bycatch in scallop trawl gear for the fishing years 2004 and 2005 and issued Reference Document 07-04, "Estimated Bycatch of Loggerhead Sea Turtles (*Caretta caretta*) in U.S. Mid-Atlantic Scallop Trawl Gear, 2004-2005 and in Scallop Dredge Gear, 2005."  However, this document is post-decisional and is not part of the administrative record in this case.

51-54. The allegations in paragraphs 51 through 54 constitute Plaintiff's characterizations of two publications cited as Kimberly T. Murray, *Estimated Average Annual Bycatch of Loggerhead Sea Turtles (Caretta caretta) in U.S. Mid-Atlantic Bottom Otter Trawl Gear, 1996-2004*, Northeast Fisheries Science Center Reference Document 06-19 (September 2006)(referred to as the "Murray Report") and Elizabeth Griffin, *et. al., Net Casualties* 18 (October 2006 Oceana). Defendants further aver that these documents are not part of the administrative record in this case and object to their consideration. Furthermore, the documents speak for themselves. To the extent Plaintiffs' citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

55. Defendants deny the allegations in paragraph 55.

56. Defendants admit that the complete sentence on page 86 in the 2006 BiOp, to which Plaintiff refers, states:

> Based on data from observer reports for the scallop fishery, and the distribution and abundance of turtles in the action area, NMFS anticipates that the continued implementation of the Scallop FMP, may result in the annual taking of 760 sea turtles as follows:
> – for scallop *dredge* gear, NMFS anticipates the annual taking of up to 749 loggerheads of which up to 479 will be lethal takes (includes serious injuries), as well as 1 non-lethal take of a leatherback sea turtle, 1 lethal or non-lethal take of a Kemp's ridley sea turtles, and 1 lethal or non-lethal take of a green sea turtle; and,
> – for scallop *trawl* gear, NMFS anticipates the annual take of up to 5 loggerhead, 1 leatherback, 1 Kemp's ridley, and 1 green sea turtle, all of which may be lethal or non-lethal takes. (emphasis in original).

Furthermore, the allegations in paragraph 56 constitute Plaintiff's characterization of the 2006 BiOp. This document, which is part of the administrative record in this proceeding, speaks for itself. To the extent Plaintiff's citations to and quotations of these documents are inconsistent with the plain terms of the documents, the allegations are denied.

**ANSWER TO FACTUAL AND PROCEDURAL BACKGROUND SECTION IV**

57-58.   The allegations in paragraphs 57 and 58 constitute Plaintiff's characterizations of the 2004 BiOp.  The document is part of the administrative record in this proceeding and speaks for itself.  To the extent Plaintiff's citations to and quotations of this documents are inconsistent with the plain terms of the document, the allegations are denied.

59-60.   The allegations in paragraphs 59 and 60 constitute Plaintiff's characterizations of a proposed rule published as 70 Fed. Reg. 30660 (May 27, 2005), which speaks for itself.  To the extent Plaintiff's citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

61.   Defendant admits receipt of a *Letter from Eric A. Bilsky to Mary. A. Colligan* (June 24, 2005).  Defendants further aver that this document is not part of the administrative record in this case and object to its consideration.  Furthermore, the document speaks for itself. To the extent Plaintiffs' citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

62.   The allegations in paragraph 62 constitute Plaintiff's characterizations of a document cited as Memorandum from John Boreman, Fisheries Service, to Patricia A. Kurkul, Fisheries Service 1 (Mar. 6, 2006)(referred to as the "Boreman Memo" ).  The document is part of the administrative record in this proceeding, and speaks for itself.  To the extent Plaintiff's citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

63-71.   The allegations in paragraphs 63 through 71 constitute Plaintiff's characterizations of the Boreman Memo and a document cited as *Monitoring Sea Turtle Bycatch in the Atlantic Sea Scallop Dredge Fishery with Chain Mats*.  These documents, which are part

of the administrative record in this proceeding, speak for themselves. To the extent Plaintiff's citations to and quotations of these documents are inconsistent with the plain terms of the documents, the allegations are denied.

72. The allegations in paragraph 72 constitute Plaintiff's characterizations of the Boreman Memo. The document is part of the administrative record in this proceeding, and speaks for itself. To the extent Plaintiff's citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied.

73. The allegations in paragraph 73 constitute Plaintiff's characterizations of a final rule published as 71 Fed. Reg. 50361 (Aug. 26, 2006)(hereinafter "chain mat rule"). This document is part of the administrative record in this proceeding, and speaks for itself. To the extent Plaintiff's citations to and quotations of this document are inconsistent with the plain terms of the document, the allegations are denied. However, Defendants admit that, at the time of the issuance of the chain mat rule, the 2004 BiOp was still operative.]

74-75. Defendants admit that the 2006 BiOp was signed on September 18, 2006, and admit that the 2006 BiOp was posted on the NOAA web site on October 27, 2007, but deny any suggestion that the ESA in any way requires an agency to publish or otherwise make any "public announcement" regarding a biological opinion.

76. Defendant admits that Eric A. Bilsky was made aware of the prior issuance of the 2006 BiOp during a telephone call at 10:30 am on November 30, 2006, but Defendant is without information or belief as to when Oceana's counsel was otherwise informed of, or should have been aware of, the existence of the 2006 BiOp.

77-81. The allegations in paragraphs 77 through 81 constitute Plaintiff's characterizations of the 2004 BiOp, the 2006 BiOp, and the documents referred to as *Monitoring*

*Sea Turtle Bycatch* and the Boreman Memo. These documents, which are part of the administrative record in this proceeding, speak for themselves. To the extent Plaintiff's citations to and quotations of these documents are inconsistent with the plain terms of the documents, the allegations are denied.

## ANSWER TO FIRST CLAIM FOR RELIEF

82.    Defendants reallege and incorporate by reference the answers in paragraphs 1 through 81 above.

83-87.    The allegations in paragraphs 83 through 87 consist of legal conclusions and Plaintiff's characterizations of the ESA and associated regulations. The statute and regulations speaks for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the ESA or the regulations.

88-93.    Defendants deny the allegations in paragraphs 88 through 93. However, Defendants admit that the 2006 BiOp specified, based on the best available scientific information the amount of loggerhead sea turtles caught in scallop trawls and killed or released alive, as follows: "...for scallop *trawl* gear, NMFS anticipates the annual take of up to 5 loggerhead, 1 leatherback, 1 Kemp's ridley, and 1 green sea turtle, all of which may be lethal or non-lethal takes." (p. 86, emphasis in original).

## ANSWER TO SECOND CLAIM FOR RELIEF

94.    Defendants reallege and incorporate by reference the answers in paragraphs 1 through 93 above.

95-96.    The allegations in paragraphs 95 and 96 consist of legal conclusions and Plaintiff's characterizations of the ESA and associated regulations. The statute and regulations

speaks for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the ESA or the regulations.

97-99. Defendants deny the allegations in paragraphs 97 through 99.

### ANSWER TO THIRD CLAIM FOR RELIEF

100. Defendants reallege and incorporate by reference the answers in paragraphs 1 through 99 above.

101-104. Defendants deny the allegations in paragraphs 101 through 104.

### ANSWER TO PRAYER FOR RELIEF

1-6. Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraphs 1 through 6 of this section.

DATED this 19th of March, 2007.

Respectfully submitted,

MATT McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division
JEAN E. WILLIAMS
Chief, Wildlife & Marine Resources Section

/s/
_____
KEITH W. RIZZARDI
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
Post Office Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0209

OF COUNSEL:

Julie Williams
NOAA Office of the General Counsel
Northeast Region
1 Blackburn Drive
Gloucester, MA 01930