IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCEANA, INC., </br></br> Plaintiff, </br></br> v. </br></br> THE HONORABLE </br> CARLOS M. GUTIERREZ, *et al.* </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civ. No. 1:07-cv-00142-RBW </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## PRAECIPE

Please note that filed concurrently herewith is proposed-intervenor, Fisheries Survival Fund's ("FSF") Answer in the above-captioned action. FSF's Answer was inadvertently omitted from its previously filed Motion for Intervention (Docket No. 12).

Dated: April 4, 2007

Respectfully submitted,

_____
David E. Frulla  (D.C. Bar No. 414170)
Shaun M. Gehan (D.C. Bar No. 483720)
Daniel S. Blynn (D.C. Bar No. 488934)
KELLEY DRYE & WARREN, LLP
3050 K Street, NW – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCEANA, INC.,

    Plaintiff,

v.      Civ. No. 1:07-cv-00142-RBW

THE HONORABLE
CARLOS M. GUTIERREZ, *et al.*

    Defendants.

**PROPOSED ANSWER OF MOVANT FISHERIES SURVIVAL FUND**

COMES NOW the Fisheries Survival Fund ("FSF"), and in answer to Plaintiff's Complaint hereby admits, denies, and avers as follows:

## INTRODUCTION

1. The allegations in paragraph 1 are a characterization of Plaintiff's case, to which no response is required. To the extent a response is requires, FSF denies the allegations in paragraph 1. FSF avers that National Marine Fisheries Service ("NMFS") professionally carries out the statutory duties conferred upon it by Congress.

2. Denies the allegations contained in paragraph 2. FSF further avers that only eight sea turtles were observed captured in 2004 by the scallop dredge fishery and only three were observed captured in 2005, only one of which was apparently killed by a scallop dredge. *See* NMFS, Final Environmental Assessment and Regulatory Impact Review Regulatory Flexibility Act Analysis of Sea Turtle Conservation Measures for the Mid-Atlantic Sea Scallop Dredge Fishery ("Sea Turtle EA"), at 17 (Table 2.1) (April 2006), *available at* http://www.nero.noaa.gov/prot_res/ProResDiv/turtles/06scalturtleea.pdf (last visited March 26, 2007).

3.  Denies the allegations contained in paragraph 3 as they purport to characterize the Endangered Species Act, which is the best evidence of its contents.

4.  Denies the allegations contained in paragraph 4 which purport to characterize the contents of the Atlantic Sea Scallop Biological Opinion (Dec. 15, 2004) ("2004 BiOp"), which is the best evidence of its contents and a document which speaks for itself.

5.  Denies the allegations contained in paragraph 5 which purport to characterize the contents of the Atlantic Sea Scallop Biological Opinion (Sept. 18, 2006) ("2006 BiOp"), which is the best evidence of its contents and a document which speaks for itself.

6.  Denies the allegations contained in paragraph 6.

7.  Denies the allegations contained in the first sentence of paragraph 7, which purport to characterize 71 Fed. Reg. 50361 (Aug. 25, 2006), which is the best evidence of its contents and a document which speaks for itself. Denies the remaining allegations in paragraph 7.

8.  The allegations in paragraph 8 are a characterization of Plaintiff's case, to which no response is required. To the extent a response is required, FSF denies the allegations in paragraph 8.

## JURISDICTION AND VENUE

9.  The allegations in paragraph 9 constitute Plaintiff's characterization of its case, to which no response is required, and the remaining allegations in paragraph 9 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, which speaks for itself.

10. The allegations in paragraph 10 regarding the Court's jurisdiction are conclusions of law to which no response is required, and the remaining allegations in paragraph 10 purport to characterize 28 U.S.C. §§ 1331 and 1361, statutes which speak for themselves.

11. The allegation in paragraph 11 regarding venue is a conclusion of law to which no response is required, and the remaining allegations in paragraph 11 purport to characterize 28 U.S.C. §§ 1391(e), a statute which speaks for itself.

12. The allegation in paragraph 12 is a conclusion of law to which no response is required, and the remaining allegations in paragraph 12 purport to characterize 5 U.S.C. § 706 and 28 U.S.C. §§ 2201-2202, statutes which speak for themselves.

## PARTIES

13. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 13 and on that basis denies the same.

14. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of paragraph 14 and on that basis denies the same. FSF denies any implication that the dredge fishery for Atlantic sea scallops is a "dirty fishing practice," otherwise it is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis denies the same.

15. The allegations contained in the first sentence of paragraph 15 constitute Plaintiff's characterization of this action, to which no response is required. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 15 and on that basis denies the same. The allegations contained in the final sentence of paragraph 15 constitute Plaintiff's characterization

of this action, to which no response is required; FSF otherwise denies the allegations in the final sentence of paragraph 15.

16.   Admits the first sentence of paragraph 16. As to the allegations in the second sentence of paragraph 16, the capacity in which the Secretary is sued is a characterization of Plaintiff's action, to which no response is required; and, as to the remaining allegations in paragraph 16, FSF avers that the laws governing the management of marine fisheries and protection of sea turtles are the best evidence of their contents, and on that basis, denies Plaintiff's characterization of the same.

17.   Admits that the NMFS is an entity under the auspices of the National Oceanic and Atmospheric Administration ("NOAA"), but is without information or knowledge sufficient to form a belief as to Plaintiff's characterization of NOAA's "supervisory responsibility" for NMFS, and on those grounds denies the remaining allegations in the first sentence of paragraph 17. As to the allegations in the second sentence of paragraph 17, admits that NMFS has been delegated authority over threatened and endangered marine species in the marine environment, and avers that any such delegation of authority represents the best evidence of its contents, and therefore denies Plaintiff's characterization of the same.

18.   Admits that NMFS is an agency of the United States Department of Commerce with responsibility for threatened and endangered marine species in the marine environment, avers that any such delegation of authority represents the best evidence of its contents, and therefore denies Plaintiff's characterization of the same.

## STATUTORY AND REGULATORY BACKGROUND

### I.  THE ENDANGERED SPECIES ACT

19. Denies the allegations contained in paragraph 19 as they purport to characterize *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978), which is the best evidence of its contents.

20. Denies the allegations contained in paragraph 20 as they purport to characterize 16 U.S.C. § 1538(a)(1)(B)-(C), a statute which speaks for itself, and regulations found at 50 C.F.R. §§ 17.21 and 17.31, which speak for themselves.

21. Denies the allegations contained in paragraph 21 as they purport to characterize 16 U.S.C. § 1532(13) and (19), a statute which speaks for itself.

22. Denies the allegations contained in paragraph 22 as they purport to characterize *Strahan v. Coxe*, 127 F.3d 155 (1st Cir. 1997), which is the best evidence of its contents.

23. Denies the allegations contained paragraph 23 as they purport to characterize 16 U.S.C. § 1536(a)(2), a statute which speaks for itself.

24. Admits the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25 as they purport to characterize 16 U.S.C.§ 1536(b)(3), a statute which speaks for itself.

26. Denies the allegations contained in paragraph 26 as they purport to characterize 16 U.S.C. § 1536(b)(4), a statute which speaks for itself.

27. Denies the allegations contained in paragraph 27 as they purport to characterize 16 U.S.C. § 1536(b)(4)(iv), a statute which speaks for itself, and regulations found at 50 C.F.R. § 402.14(i)(1)(iv), (i)(3), which speak for themselves.

28. The allegations in the first sentence of paragraph 28 consist of conclusions of law to which no response is required. Denies the remaining allegations contained in paragraph 28 as they purport to characterize 16 U.S.C. §§ 1536(o)(2), a statute which speaks for itself.

## II.   THE ADMINISTRATIVE PROCEDURE ACT

29. Denies the allegations contained in paragraph 29 as they purport to characterize 5 U.S.C. §§ 702 and 704, statutes which speak for themselves.

30. Denies the allegations contained in paragraph 30 as they purport to characterize 5 U.S.C. § 706(2), a statute which speaks for itself.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

31. Denies the allegations contained in paragraph 31 as they purport to characterize the contents of James R. Spotila, *Sea Turtles: A Complete Guide to Their Biology, Behavior, and Conservation* (Johns Hopkins Univ. Press 2004) ("Spotila, *Sea Turtles*"), which is the best evidence of its contents and a document which speaks for itself.

32. Denies the allegations contained in paragraph 32 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

33. Denies the allegations contained in paragraph 33 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

34. Denies the allegations contained in paragraph 34 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

35. Denies the allegations contained in paragraph 35 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

36. Denies the allegations contained in paragraph 36 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

37. Denies the allegations contained in paragraph 37 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

38. Denies the allegations contained in paragraph 38 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

39. Denies the allegations contained in paragraph 39 as they purport to characterize the contents of Spotila, *Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

40. Denies the allegations contained in paragraph 40 as they purport to characterize the contents of 50 C.F.R. §17.11, regulations which speak for themselves.

**II.**

41. Denies the allegations contained in paragraph 41, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

42. Denies the allegations contained in paragraph 42, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

43. Denies the allegations contained in paragraph 43, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself, and avers that the 2006 BiOp estimates that 180 sea turtles were estimated to have interacted with the mid-Atlantic dredge fishery for sea scallops in 2004. Sea Turtle EA at 8.

44. Denies the allegations contained in paragraph 44, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

45. Denies the allegations contained in paragraph 45, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

**III.**

46. Denies the allegations contained in paragraph 46, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

47. Denies the allegations contained in paragraph 47, as they purport to characterize the contents of the 2004 and 2006 BiOps, which are the best evidence of their contents and documents which speak for themselves.

48. Denies the allegations contained in paragraph 48, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

49. Denies the allegations contained in paragraph 49, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

50. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 50 and on that basis denies the same.

51. Denies the allegations contained in paragraph 51, as they purport to characterize the contents of Kimberly T. Murray, *Estimated Average Annual Bycatch of Loggerhead Sea Turtles (Caretta caretta) in U.S. Mid-Atlantic Bottom Otter Trowl Gear, 1996-2004*, Northeast Fisheries Science Center Reference Document 06-19 (September 2006) ("Murray, *Annual Bycatch of Loggerhead Sea Turtles*"), which is the best evidence of its contents and a document which speaks for itself.

52. Denies the allegations contained in paragraph 52, as they purport to characterize the contents of Murray, *Annual Bycatch of Loggerhead Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

53. Denies the allegations contained in paragraph 53, as they purport to characterize the contents of Elizabeth Griffin, *et al.*, *Net Casualties* 18 (October 2006 Oceana), which is the best evidence of its contents and a document which speaks for itself.

54. Denies the allegations contained in paragraph 54, as they purport to characterize the contents of Murray, *Annual Bycatch of Loggerhead Sea Turtles*, which is the best evidence of its contents and a document which speaks for itself.

**Proposed Answer of Movant Fisheries Survival Fund- Page 9**

55. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 and on that basis denies the same.

56. Denies the allegations contained in paragraph 56, as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

**IV.**

57. Denies the allegations contained in paragraph 57, as they purport to characterize the contents of the 2004 BiOp, which is the best evidence of its contents and a document which speaks for itself.

58. Denies the allegations contained in paragraph 58, as they purport to characterize the contents of the 2004 BiOp, which is the best evidence of its contents and a document which speaks for itself.

59. Denies the allegations contained in paragraph 59, as the purport to characterize 70 Fed. Reg. 30660 (May 27, 2005), which is the best evidence of its contents and a document which speaks for itself.

60. Denies the allegations contained in paragraph 60, as the purport to characterize 70 Fed. Reg. at 30662, which is the best evidence of its contents and a document which speaks for itself.

61. Denies the allegations contained in paragraph 61 as they purport to characterize the contents of the Letter from Eric A. Bilsky to Mary A. Colligan (June 24, 2005), which is the best evidence of its contents and a document which speaks for itself.

62. Denies the allegations contained in paragraph 62 as they purport to characterize the contents of the Memorandum from John Boreman, Fisheries Service, to Patricia A. Kurkul,

**Proposed Answer of Movant Fisheries Survival Fund- Page 10**

Fisheries Service (March 6, 2006) ("Boreman Memo"), which is the best evidence of its contents and a document which speaks for itself.

63. Denies the allegations contained in paragraph 63 as they purport to draw inferences from the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself. Otherwise, FSF is without information or belief as to the truth or accuracy of the allegations contained in paragraph 63, and also denies them on that basis.

64. Denies the allegations contained in paragraph 64 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself. FSF avers that over 80 hours of video footage of scallop dredges fishing in the mid-Atlantic were collected during 2004 and 2005, with additional footage collected in 2003, without capturing a single interaction with a sea turtle. Sea Turtle EA at 20.

65. Denies the allegations contained in paragraph 65 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

66. Denies the allegations contained in paragraph 66 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

67. Denies the allegations contained in paragraph 67 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

**Proposed Answer of Movant Fisheries Survival Fund- Page 11**

68. Denies the allegations contained in paragraph 68 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

69. Denies the allegations contained in paragraph 69 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

70. Denies the allegations contained in paragraph 70 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

71. Denies the allegations contained in paragraph 71 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

72. Denies the allegations contained in paragraph 72 as they purport to characterize the contents of the Boreman Memo, which is the best evidence of its contents and a document which speaks for itself.

73. Denies the allegations contained in the first clause of paragraph 73 as they contain a conclusion of law to which no response is required. Denies the remaining allegations of paragraph 73 which purport to characterize the contents of 71 Fed. Reg. 50361 (August 25, 2006), which is the best evidence of its contents and a document which speaks for itself.

74. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 74 and on that basis denies the same.

75. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 75 and on that basis denies the same.

76. FSF is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 76 and on that basis denies the same.

77. Denies the allegations contained in paragraph 77 as they purport to characterize the contents of the 2004 and 2006 BiOps, which are the best evidence of their contents and documents which speak for themselves.

78. Denies the allegations contained in paragraph 78 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

79. Denies the allegations contained in paragraph 79 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

80. Denies the allegations contained in paragraph 80 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

81. Denies the allegations contained in paragraph 81 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

### FIRST CLAIM FOR RELIEF

82. FSF re-alleges and incorporates by reference its answers to paragraphs 1 through 81 as if fully set forth herein.

83. Denies the allegations contained in paragraph 83 as they purport to characterize 16 U.S.C. §§ 1536(a)(2), a statute which speaks for itself.

84. Denies the allegations contained in paragraph 84 as they purport to characterize 16 U.S.C. § 1536(a)(2), a statute which speaks for itself, and regulations found at 50 C.F.R. § 402.14(a), which speak for themselves.

85. Denies the allegations contained in paragraph 85 as they purport to characterize 16 U.S.C. § 1536(b)(3)(a), a statute which speaks for itself.

86. Denies the allegations contained in paragraph 86 as they purport to characterize 16 U.S.C. § 1536(b)(4), a statute which speaks for itself.

87. Denies the allegations contained in paragraph 87 as they purport to characterize the regulations found at 50 C.F.R. § 402.14(i), which speak for themselves.

88. Denies the allegations contained in paragraph 88 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. The allegations contained in paragraph 93 are a characterization of Plaintiff's case, to which no response is required. To the extent a response is requires, FSF denies the allegations in paragraph 93.

## SECOND CLAIM FOR RELIEF

94. FSF re-alleges and incorporates by reference its answers to paragraphs 1 through 93 as if fully set forth herein.

95. Denies the allegations contained in paragraph 95 as they purport to characterize the regulations found at 50 C.F.R. § 402.14(i)(3), which speak for themselves.

96. Denies the allegations contained in paragraph 96 as they purport to characterize the regulations found at 50 C.F.R. § 402.13(i)(4), which speak for themselves.

97. Denies the allegations contained in paragraph 97 as they purport to characterize the contents of the 2006 BiOp, which is the best evidence of its contents and a document which speaks for itself.

98. Denies the allegations contained in paragraph 98.

99. The allegations contained in paragraph 99 are a characterization of Plaintiff's case, to which no response is required. To the extent a response is requires, FSF denies the allegations in paragraph 99.

## THIRD CLAIM FOR RELIEF

100. FSF re-alleges and incorporates by reference its answers to paragraphs 1 through 99 as if fully set forth herein.

101. Denies the allegations contained in paragraph 101.

102. Denies the allegations contained in paragraph 102.

103. Denies the allegations contained in paragraph 103.

104. The allegations contained in paragraph 104 are a characterization of Plaintiff's case, to which no response is required. To the extent a response is requires, FSF denies the allegations in paragraph 104.

## PRAYERS FOR RELIEF

WHEREFORE, the Court should enter final judgment denying Plaintiff's claims and the relief Plaintiffs have requested.

Dated: April 4, 2007

Respectfully submitted,

*/s/ David E. Frulla*

David E. Frulla
D.C. Bar No. 414170
Shaun M. Gehan
D.C. Bar No. 483720
Daniel S. Blynn
D.C. Bar No. 488934
KELLEY DRYE & WARREN, LLP
3050 K Street, N.W. – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

*Attorneys for Proposed Defendant-Intervenor*